[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR14-306718 (55298);
 Charles Margolies, Esq., Defense Counsel, for the Petitioner.
John F. Bailey, Esq., State's Attorney, for the State.
BY THE DIVISION CT Page 8408
Petitioner was tried by jury on a two count information alleging the crimes of murder and assault in the third degree. He was convicted of manslaughter in the first degree with a firearm in violation of General Statutes Section 53a-55a(a) and assault in the third degree in violation of Section 53a-61 (a)(1). A sentence of twenty years, execution suspended after fifteen years with five years probation was imposed on the first count and a concurrent sentence of eight months was imposed on the second count. The net effective sentence imposed was twenty years, execution suspended after fifteen years, with five years probation.
Evidence at trial indicated that petitioner's wife was at a cafe at which she was a regular customer. Petitioner entered the establishment and tried to get his wife to leave. An argument ensued and he struck her. The victim, a bouncer, grabbed petitioner and began to force him out of the establishment. Petitioner was carrying a loaded pistol which he managed to pull out and fire into the victim causing his death.
At the hearing petitioner's attorney stressed his client's good record. He had served honorably in the Army, had a good work record, was a homeowner with no prior criminal involvement. It was pointed out that petitioner had always experienced remorse for the victim.
Petitioner speaking on his own behalf stated that he was very sorry for what happened and that it is constantly on his mind. He expressed a desire to return to his family as soon as possible so that he might help them.
The state's attorney argued that the sentence was fair. The sentencing judge at the time of sentencing expressed the tragic aspects of the case. Petitioner, a man of forty-five years with no criminal record, had committed a crime which resulted in the death of a young man. The judge pointed out that the aggravating factor here was petitioner carrying an unlicensed pistol.
The crime involved here is most serious resulting in the death of a young man. The death was a direct result of petitioner carrying a loaded weapon in violation of the public policy of the state. The sentence imposed was well below the maximum. It is not inappropriate or disproportionate in light of the nature of the offense. The sentence should not be modified.
Sentence Affirmed.
PURTILL, J. CT Page 8409 NORKO, J. STANLEY, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.